IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

IN RE:

DARLENE DEE ANDERSON,

    Debtor(s).

Chapter 13

BK No. 21-60144

DARLENE DEE ANDERSON,

    Plaintiff,

v.

J. DOUGLAS COSBY
DEBORAH COSBY,

    Defendants.

Adv. 24-6001

## **OPINION**

The facts in this case are not at issue. A Joint Stipulation of Facts was submitted by the parties which asserts the following events that have occurred. On August 18, 2020, Defendants and Plaintiff/Debtor (in addition to Plaintiff's husband, Mitchell Anderson) executed a written Purchase Agreement in which Plaintiff and her husband agreed to sell certain real estate to Defendants in exchange for the purchase price of $7,500.00, said price being due by September 15, 2020. On November 18, 2020, Defendants filed an action for specific performance regarding the Purchase Agreement against Plaintiff and her husband in the Circuit Court of Marion County, Illinois. On June 21, 2021, the Circuit Court entered an order via written docket entry in which it awarded a judgment in favor of Defendants and against Plaintiff and her husband in the total sum of $9,942.55 for attorney's fees and costs incurred by Defendants.

Plaintiff filed this Chapter 13 bankruptcy case on September 14, 2021, and on February 21, 2022, Defendants filed a Motion for Relief from Automatic Stay and Abandonment regarding the

real estate transaction at issue, which was ultimately granted. On November 29, 2022, Plaintiff executed and delivered a Warranty Deed to Defendants transferring the real estate to them. Said Deed was subsequently recorded in Marion County, Illinois, on December 9, 2022. To date, Defendants have not paid to Plaintiff and/or her husband the purchase price for the real estate at issue.

Plaintiff filed the instant Complaint for Turnover on March 15, 2024, seeking an order requiring the Defendants to turnover $7,500.00 to the Chapter 13 Trustee as property of the estate. Defendants' Answer asserts the affirmative defense that any obligation on the part of Defendants to pay the purchase price of $7,500.00 to Plaintiff was subject to a setoff by virtue of the $9,942.55 judgment entered in favor of Defendant and against Plaintiff and her husband on June 21, 2021.

Section 553 of the Bankruptcy Code provides:

> Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case….

11 U.S.C. § 553(a).

"Although the concepts of 'claim' and 'debt' are sometimes difficult to quantify, the general rule is that most types of obligations will qualify as a claim or debt for setoff purposes." *Collier on Bankruptcy* ¶ 553.01[1] (16th ed. 2024). "Bankruptcy Code section 101 defines the term 'claim' as any 'right to payment,' regardless of whether the right is reduced to judgment, and regardless of whether the right is legal, equitable, liquidated, unliquidated, matured, unmatured, contingent, fixed, disputed, undisputed, secured or unsecured. The concept of a 'claim' is thus decidedly broad, and the definition is intended to encompass virtually any type of

obligation reducible to some monetary equivalence." *Collier on Bankruptcy* ¶ 553.03[1][a] (16th ed. 2024). Therefore, despite having not filed a proof of claim in the bankruptcy case, the Defendants still have a "claim" against the debtor for setoff purposes by way of the $9,942.55 judgment entered against the Plaintiff in the Circuit Court.

The right of setoff "allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding 'the absurdity of making A pay B when B owes A.'" *Citizens Bank of Maryland v. Stumpf*, 516 U.S. 16, 18, 116 S.Ct. 286, 289 (1995).

In order to exercise its right of setoff under § 553, the Defendants must establish the following: (1) the debt owed by the creditor to the debtor arose before the commencement of the bankruptcy case; (2) the debt owed by the debtor to the creditor arose before the commencement of the case; and (3) the debts are mutual debts. *In re Eggemeyer*, 75 B.R. 20, 21-22 (Bankr. S.D. Ill. 1987).

Here, the "debt owed by the creditor to the debtor" arose on August 18, 2020, when the parties executed the written Purchase Agreement for certain real estate in exchange for the purchase price of $7,500.00. The "debt owed by the debtor to the creditor" arose on June 21, 2021, when the Circuit Court entered an order awarding a judgment in favor of Defendants and against Plaintiff and her husband in the total sum of $9,942.55. The bankruptcy case was not filed until September 14, 2021, after both debts arose. The debts are mutual in that Defendants, J. Douglas and Deborah Cosby, owe Plaintiff and her husband, Darlene and Mitchell Anderson, the amount in the purchase agreement, and the Plaintiff and her husband, Darlene and Mitchell Anderson, were ordered to pay Defendants, J. Douglas and Deborah Cosby, a judgment amount. The Plaintiff does not dispute that the three required elements of setoff have been established under the undisputed facts.

Instead, Plaintiff asserts that by raising setoff as a defense in this adversary proceeding, the Defendants have violated the automatic stay. As support, Plaintiff cites to *Citizens Bank v. Strumpf*, 516 U.S. 16 (1995), where the Supreme Court held that an administrative freeze of account funds by a depository bank for the purpose of protecting a right of setoff did not violate the stay. The Court finds it difficult to discern how the *Strumpf* case is applicable to the instant case. In *Strumpf*, the Supreme Court recognized that it was deciding a narrow issue: "The principal question for decision is whether [the bank's] refusal to pay its debt to [debtor] upon the latter's demand constituted an exercise of the setoff right and hence violated the stay.... All that concerns us here is whether the refusal *was a setoff*." *Id.* at 19. In this case, the Plaintiff filed a Complaint for turnover of the debt owed from Defendants to Plaintiff. In response, the Defendants assert the setoff defense, and have met all required elements for doing so. "As long as the three elements necessary for a setoff have been established, a creditor can exercise setoff to protect itself defensively." *In re Garrett*, 2017 WL 4220424, at *4 (Bankr. S.D. Ill. Sept. 21, 2017). The Court does not agree that a violation of the automatic stay has occurred by raising the affirmative defense of setoff. Under Plaintiff's argument, the Defendants would have had to file a Motion for Relief from Stay to file an Answer in the context of the bankruptcy case itself.

In conclusion, the Court finds that the Defendants have established their right to set off under to 11 U.S.C. §553. The obligation of $7,500.00 owed to Debtor is offset by the judgment of the Marion County, Illinois, Circuit Court against Debtor and in favor of Defendants in the amount of $9,942.55.

A separate order shall enter.

ENTERED: August 19, 2024

                                                    /s/ Laura K. Grandy
                                          UNITED STATES BANKRUPTCY JUDGE